UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

**NKEMJIKA BONLIONEL IKE**  **CIVIL ACTION NO. 2:11-cv-2185**
**A#078379928; Reg. #44981-265**  **SECTION P**

**VS.**  **JUDGE MINALDI**

**J. DRODDY, ET AL**  **MAGISTRATE KAY**

## AMENDED REPORT AND RECOMMENDATION*

Before the court is the *pro se* civil rights complaint[1] filed by plaintiff Nkemjika Bonlionel Ike on December 14, 2011. At the time of filing, plaintiff was an immigration detainee in the custody of the Department of Homeland Security/United States Immigration and Customs Enforcement (DHS/ICE) and was detained at the Federal Detention Center, Oakdale (FCIO), Louisiana. He complains about events that occurred at FCIO. Plaintiff was subsequently transferred to the Escambia County Jail, Pensacola, Florida and then to LaSalle Detention Center, Jena, Louisiana. On September 10, 2012, plaintiff filed a change of address notice directing the court to send correspondence to an address in Hiram, Georgia.[2] He names fifteen (15) defendants herein.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

---

* This Amended Report and Recommendation is issued to correct typographical errors.

[1] This matter arises under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In *Bivens*, the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 USC § 1983. It is assumed that all of the defendants are agents or employees of the federal government.

[2] *Ike v. Rodriguez*, 2:11-cv-2024 (U.S. District Court, W.D. La.)

*Statement of the Case*

Plaintiff states that from November 5, 2011 through December 3, 2011, he was placed in a cell that did not have a desk or a chair.  He also states that the toilet in his cell would back up and cause sewage to seep into his cell.  Plaintiff claims that he told the defendants about the condition of the cell and asked to be moved to another cell but his requests were denied.

As relief for the above, plaintiff seeks $2,000,000.00 in compensatory damages as well as injunctive relief.

*Conditions of Confinement*

Detainees possess a clearly established constitutional right to be free from punishment. *See Bell v. Wolfish*, 441 U.S. 520, 534–37, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).  The Supreme Court has held that a detainee's claims of unconstitutional conditions of confinement are analyzed under the Fourteenth Amendment's guarantee of due process of law as opposed to the Eighth Amendment's prohibition of cruel and unusual punishment, which applies only to sentenced inmates. *Id*. at 535; *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir.1996). "A 'condition of confinement' case is a '[c]onstitutional attack[ ] on general conditions, practices, rules, or restrictions of pretrial confinement.'"  *See Scott v. Moore*, 114 F.3d 51, 53 (5th Cir.1997) (citing *Hare*, 77 F.3d at 644).

When addressing the rights of immigration detainees, the Fifth Circuit instructs that the court should look to jurisprudence establishing the constitutional rights of pretrial detainees. *See Ortega v. Rowe*, 796 F.2d 765, 767 (5th Cir.1986).  In analyzing the civil rights claims of detainees, the Fifth Circuit has distinguished between cases challenging specific acts and omissions and those alleging constitutional deprivations by virtue of the general conditions of confinement.  *See Hare*, 74 F.3d at 644.

In conditions of confinement cases, the "harm" is said to be caused by the condition itself. "This is true, for example, where inadequate food, heating, or sanitary conditions themselves constitute miserable conditions." *Scott,* 114 F.3d at 53. The Fifth Circuit has concluded that where a pretrial detainee challenges the general conditions of confinement, as opposed to particular acts or omissions, a constitutional violation exists only if the court finds that the conditions of confinement are not reasonably related to a legitimate, non-punitive governmental objective. *Id*.

The conditions described by the plaintiff, while unpleasant, do not rise to the level of constitutional violations. The Constitution does not mandate "comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S.Ct. 2392, 2400, 69 L.Ed.2d 59 (1981). There is nothing to show that the conditions of which plaintiff complains were done for the purpose of punishing him or that such conditions resulted from any official policy or custom. Nor has plaintiff alleged any substantial injury as a result of his allegations. These claims should therefore be dismissed.

### *Injunctive Relief*

As previously stated, plaintiff has been transferred from FCIO. Therefore, his requests for injunctive relief are moot. The law is clear that the transfer of a prisoner out of an allegedly offending institution generally renders his claims for injunctive relief moot. *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975) (*per curiam*) (plaintiff's individual suit challenging parole procedures mooted by release absent "demonstrated probability" that he would again be subject to parole board's jurisdiction); *Cooper v. Sheriff, Lubbock County, Tex*., 929 F.2d 1078, 1081 (5th Cir.1991) (*per curiam*) (holding that prisoner transferred out of offending institution could not state a claim for injunctive relief). In order for plaintiff's claims to remain viable, he would have to establish that the possibility of returning to

FCIO would make his claims capable of repetition yet evading review. See *Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir.1975). Plaintiff must show either a "demonstrated probability" or a "reasonable expectation" that he would again be incarcerated at FCIO. *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982). At its most lenient, the standard is not "mathematically precise" and requires that plaintiff show a "reasonable likelihood" of repetition. *Honig v. Doe*, 484 U.S. 305, 318-19, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988). Even under the most permissive interpretation, plaintiff's complaint does not, and cannot, meet that standard. Simply put, plaintiff has been released from the custody of FCIO and his requests for injunctive relief are moot. *See Herman v. Holiday*, 238 F.3d 660 (5th Cir.2001)(even if plaintiff had established an Eighth Amendment violation, his transfer from the offending institution rendered his claims for declaratory and injunctive relief moot) citing *Cooper v. Sheriff, Lubbock County, Tex.,* 929 F.2d 1078, 1084 (5th Cir. 1991); *Bailey v. Southerland*, 821 F.2d 277, 279 (5th Cir. 1987).

Therefore,

IT IS RECOMMENDED that plaintiff's civil rights complaint be DISMISSED WITH PREJUDICE as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii) and 1915A(b)(1).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b),**

**shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 21st day of August, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE